UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                Case No. 22-10882-BKC-LMI

EDGEWATER HOLDINGS MIAMI, LLC,                        Chapter 11
a Florida limited liability company,

        Debtor.
_____/

### REPLY TO DEBTOR'S OBJECTION TO CLAIM #3
### OF FORTUNA HOLDINGS, LLC  [ECF No. 93]

    Fortuna Holdings LLC ("Fortuna"), by and through its undersigned counsel, files this reply ("Reply") to the objection to Claim No. 3 of Fortuna [ECF No. 93] ("Objection").

### BACKGROUND

    1.    On December 18, 2017, Fortuna sold to Edgewater Holdings Miami, LLC (the "Debtor") its principal asset known as the Fortuna House Apartments (the "Property"). At the time of the sale, First Citizens Bank & Trust Company ("First Citizens") provided funds for the first priority mortgage (the "First Citizens Mortgage") and Fortuna provided partial owner financing to the Debtor in the amount of $477,000, which was secured by a second mortgage (the "Fortuna Mortgage") and a promissory note was signed in conjunction with the Fortuna Mortgage (the "Promissory Note"). As of February 2, 2022, the date of the filing of this bankruptcy case (the "Petition Date"), Fortuna is owed an amount of no less than $320,580.75 in connection with that financing.  Upon information and belief, First Citizens is owed $3,137,010.58.

    2.    Shortly before the Petition Date, on December 17, 2021, the Debtor filed a lawsuit against Fortuna and its principal Esther Behar claiming that Fortuna, through Ms. Behar, made a series of misrepresentations concerning the condition and profitability of the property. This lawsuit

is pending in the complex business court in Miami-Dade County styled *Edgewater Holdings Miami LLC v. Fortuna Holdings LLC et al*, Case No. 2021-027228-CA-01 (the "State Court Action"). Pursuant to this Court's Order, Fortuna and Esther Behar were granted relief from the automatic stay in order to fully participate in the State Court Action, including litigation of any counterclaims, third party claims or affirmative defenses *See Agreed Order Granting Creditors Fortuna Holdings LLC and Esther Behar's Motion for Relief from the Automatic Stay* [ECF No. 83].

3. In the State Court Case, Fortuna and Ms. Behar have filed a motion to dismiss in the State Court Action which is presently pending. The deadline in this case for filing claims for non-governmental entities was April 13, 2022. On April 12, 2022, Fortuna timely filed its claim (the "Original Claim") in the amount of $368,848 for unpaid amounts owed by the Debtor to Fortuna in connection with Fortuna' financing of the Property. TheOriginal Claim delineated an amount for principal, interest, late fees and costs incurred by Fortuna relating to the Promissory Note. Both the Original Claim on its face and the court registry refer to the Promissory Note. Additionally, the Original Claim included unliquidated damages arising from the Debtor's wrongful filing of the State Court Action against Fortuna.

4. On May 3, 2022, the Debtor filed its Plan of Reorganization for Small Business under Chapter 11 [ECF No. 92] (the "Plan") and Disclosure Statement for Small Business under Chapter 11 [ECF No. 91] (the "Disclosure Statement").

5. On May 3, 2022, the Debtor also filed the Objection.. In the Objection, the Debtor asserted the following: arguing among other things that:

    a. Fortuna failed to state whether the principal owed on the Promissory Note to Fortuna had arisen prepetition or postpetition;

b. Fortuna improperly failed to attach the Promissory Note associated with Fortuna's financing of the acquisition of the Property by the Debtor or state whether it is the holder or has in its possession the original Promissory Note;

c. Fortuna lacked clarity and specificity in its Original Claim with respect to interest, late fees and attorneys' fees;

d. Fortuna failed to allege in its Original Claim that the Debtor commenced the State Court Action to coerce Fortuna into taking some collateral action not properly involved in the proceeding and that Fortuna has failed to identify any action by the state court, taken at the Debtor's request, that could constitute an abuse of process; and

e. Fortuna' claim of malicious prosecution of the State Court Action, and any damages arising from such claim, are improper because Fortuna has not prevailed in the State Court Action, which is in its preliminary stages. Further, the Debtor argues that Fortuna is barred from seeking these damages in the State Court Action and this Court.

6. To address certain of the Debtor's concerns and questions outlined in its Objection as set forth above, Fortuna sought leave of this Court to amend its Original Claim in its Motion to Amend Proof of Claim [ECF No. 123], set forth on Exhibit "A" (the "Amended Claim"). The proposed amendment does not assert any new claims against the Debtor but rather downward amends the quantification of the damages filed in the Original Claim and corrects certain procedural deficiencies. Specifically, all amounts (principal, interest, and late fees) with respect to the Promissory Note are provided in a detailed spreadsheet starting from the date of first payment of amounts by the Debtor to Fortuna as of the Petition Date with a reservation of rights

to further amend the Claim for additional post-petition interest, costs, and attorneys' fees once the value of the Property has been determined. The Original Claim contained a breakdown of these amounts, but upon further evaluation contained a late fee calculation error by the Claimant and the claimed amount on account of the Promissory Note was determined as of the filing of the Original Claim rather than the Petition Date. Moreover, Fortuna attaches a copy of the Promissory Note and makes clear that Fortuna holds and owns the Promissory Note. Finally, the Amended Claim provides further detail with respect to Fortuna's claims for malicious prosecution against the Debtor arising from the State Court Action and removes the pre-petition asserted claim for prepetition abuse of process.

## RELIEF REQUESTED

7. Fortuna respectfully requests that this Court overrule the Debtor's Objection to the Original Claim for the reasons set forth herein.

## ARGUMENT

8. Proofs of claim are prima facie valid as to the claim and the amount. *In re McCoy*, 163 B.R. 206, 209 (Bankr. M.D. Fla. 1994)(*citing In re St. Augustine Gun Works*, 75 B.R. 495 (Bankr. M.D. Fla. 1987); Fed. R. of Bankr. P. 3007. A debtor is required to present affirmative proof to support an objection and overcome the prima facie validity of the claim. *Id*. If a debtor overcomes this hurdle, then the ultimate burden for proving the amount of the claim is upon claimant. *Id*. As this Court noted, section 502(b) of the Bankruptcy Code supplies the exclusive basis for claim disallowance in a bankruptcy case. *In re MacFarland*, 462 B.R. 857 (Bankr. S.D. Fla. 2011).

**I.** **Promissory Note**

9.    One of the principal contentions of Debtors' Objection is that the Promissory Note was not attached to the Original Claim. *See* Objection, pp. 8-9. Debtor argues that under Fed. R. Bank. P. 3001(c)(1), "[W]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim."

10.    As noted above, Fortuna has filed a motion to amend the Original Claim [ECF No. 123] ("Motion to Amend"), which motion in part seeks to amend the Original Claim by attaching a copy of the Promissory Note. Moreover, both the face of the Original Claim and the court registry with respect to the docketing of the Original Claim refer to the Promissory Note. The Original Claim itself also delineated an amount for principal, interest, late fees and costs incurred by Fortuna relating to the Promissory Note. In support of its Objection, the Debtor attached the Promissory Note as an exhibit demonstrating that the Debtor was aware of the contents of the Promissory Note.

11.    In *In re Shank*, the Court states:

> Applying common sense and the principle recognized in *United States v. Int'l Horizons, Inc. (In re Int'l Horizons. Inc.)*, 751 F.2d 1213, 1216 (11th Cir. 1985), that principles of equity guide a bankruptcy court and that technical considerations not prevent substantial justice from being done, the Court concludes that an objection to a proof of claim based solely on the lack of attached documents provides no basis for disallowance of a claim, even if the claimant declines to respond to the objection. There are several reasons for this conclusion. At a minimum, the bankruptcy rules must be interpreted as requiring that a challenge to a proof of claim assert a basis for its disallowance or reduction under 11 U.S.C. § 502(b) -- the existence of at least a potential dispute -- before the procedures governing the determination of disputes in the claims allowance process are even invoked. This conclusion follows in the first instance from the application of 11 U.S.C. § 501, which permits the filing of a proof of claim, 11 U.S.C. § 502(a), which provides that a filed proof of claim is deemed allowed unless there is an objection, and 11 U.S.C. § 502(b), which specifies the grounds on which a claim is to be disallowed. **None of these provisions requires the attachment of documentation to a proof of claim or disallowance in its absence… Simply put, it is not fair to a creditor to sustain an objection to its proof of claim based on inadequate documentation unless the objecting party alleges some basis for**

**objecting on grounds that would require disallowance or reduction under § 502(b).**

*In re Shank*, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004) (emphasis supplied); *Willis v. N. Star Cap. Acquisitions LLC (In re Willis)*, No. 10-75584-MGD, 2010 Bankr. LEXIS 4735, at *7-8 (Bankr. N.D. Ga. Nov. 24, 2010)(court found that Debtors' technical objection of a claim's noncompliance with Rule 3001(c) alone cannot disallow claims); *In re Barnes*, 21 Fla. L. Weekly Fed. B326 (U.S. Bankr. N.D. Fla June 6, 2008)(citing *Heath v. Am. Express Travel Relates Svcs. (In re Heath)*, 331 B.R. 424, 431-32, 435 (9th Cir. BAP 2005)(The exclusive statutory bases for disallowing a claim are found in § 502(b) and do not include a lack of documentation); *B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341, 345 (10th Cir. BAP 2007); *In re Burkett*, 329 B.R. 820, 828 (Bankr. S.D. Ohio 2005) (explaining that a lack of documentation is not listed as a ground for disallowing a claim under § 502).

12. The Debtor does not dispute that it signed the Promissory Note or that there is a lien on the Debtor's property held by Fortuna. As noted above, Fortuna filed its Motion to Amend [ECF No. 123] seeking allowance to file the Amended Claim which attaches the Promissory Note and provides further clarification of the claim. A proof of claim may be freely amended where the purpose of the amendment is to cure a defect in the original claim, to describe the claim with greater particularity, or to plead a new theory of recovery upon facts set forth in the original claim. *In re Ne. Int'l Airways*, *Inc.*, 99 B.R. 487, 487 (Bankr. S.D. Fla. 1989); *See*, *Pepper v. Litton*, 308 U.S. 295, 305, 60 S. Ct. 238, 84 L. Ed. 281 (1939) (bankruptcy courts have inherent equitable power in overseeing the bankruptcy estate to insure that "substance will not give way to form" and that "technical considerations will not prevent substantial justice from being done."); *In re South Atlantic Fin. Corp.*, 767 F.2d 814, 819 (11th Cir. 1985) (an amendment to a proof of claim is freely

allowed where the purpose is to cure a defect in the claim as originally filed); *In re International Horizons Inc.,* 751 F.2d 1213, 1216 (11th Cir. 1985) ("A proof of claim may be freely amended where the purpose of the amendment is to cure a defect in the original claim, to describe the claim with greater particularity, or to plead a new theory of recovery upon facts set forth in the original claim… Substance will not give way to form, … technical considerations will not prevent substantial justice from being done."); *Commonwealth Corp. v. Everhart*, 617 F.2d 415, 420 (5th Cir. 1980) ("In a straight bankruptcy proceeding … an amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on facts set forth in the original claim.");

## II. Ownership of the Debt

13. Debtor alleges in its Objection that the Original Claim should be disallowed because Fortuna failed to state in its Original Claim or show that they own the debt. *See* Objection, pp. 9-10. However, the claims registry makes clear that the Original Claim is for "[A][mounts owed under promissory note plus unliquidated damages arising from state court lawsuit filed by debtor" and the face of the Original Claim states that the claim arises from the Promissory Note. Moreover, the Original Claim makes clear that Fortuna is owed the debt accruing under the Promissory Note as it provides information about principal owed, late fees, costs and attorneys' fees that accrued thereunder.

14. As discussed *supra*, Fortuna filed its Motion to Amend [ECF No. 123] that includes its Amended Claim with the Promissory Note attached and provides an affirmative statement that Fortuna is the owner of the promissory note.

### III.  Unenforceable Purchase Agreement

15.     The Debtor argues in its Objection that the Original Claim cannot be enforced because the Purchase Agreement that governed the sale of the Property is unenforceable and subject to rescission. *See* Objection, pp. 10-11.  However, the State Court is the forum chosen by the Debtor to make a determination of whether the Purchase Agreement may be rescinded as it is the subject of the State Court Case which the Debtor is actively prosecuting and is not before this Court. See *Agreed Order Granting Creditors Fortuna Holdings LLC and Esther Behar's Motion for Relief from the Automatic Stay* [ECF No. 83].

### IV.  Setoff

16.     The Debtor improperly seeks in its Objection to setoff amounts it owes under the Promissory Note against claims it has merely asserted and have yet to be proven against Fortuna in the State Court Action pursuant to section 553 of the Bankruptcy Code. *See* Objection, pp. 11-12.  Section 553 of the Bankruptcy Code does not create an independent federal right of setoff, but merely preserves any such right that exists under applicable nonbankruptcy law. *Brook v. Chase Bank USA, N.A. (In re Acosta-Garriga)*, 566 F. App'x 787, 789 (11th Cir. 2014)(*citing In re Patterson*, 967 F.2d at 509; *see also* 5 Collier on Bankruptcy ¶ 553.04 (2004) ("[T]he Bankruptcy Code does not create any setoff right; it merely preserves certain rights of setoff that exist under applicable non-bankruptcy law.")); *In re Patterson*, 967 F.2d 505, 508-09 (11th Cir. 1992).

17.     Here, the Promissory Note (attached as "A-2" to the proposed Amended Claim is a copy of the Promissory Note) makes clear that the Debtor may not assert a right of setoff against amounts owed under the Promissory Note on account of the claims alleged by the Debtor in the State Court Action which are for damages that arose after ownership of the Property..  The Promissory Note states in relevant part:

> During the term of the loan, the Borrower shall not be entitled to set-off claims, actions, losses, damages and attorney's fees of any kind arising after the closing that may arise from and be related to the Lender's past obligation and ownership of the real estate property encumbered by the Mortgage. In no event will Borrower receive any credit against any of the payments required to be made by Borrower under this Promissory. [sic]

18. Therefore, regardless of whether the Debtor has valid claims against the Fortuna as outlined in the Complaint, any losses related thereto and incurred after the closing "that may arise from and be related to the [Fortuna's] past obligation and ownership of the real estate property encumbered by the Mortgage" may not be setoff against amounts owed under the Promissory Note. Accordingly, section 553 of the Bankruptcy Code has no effect under the instant circumstances. *Dickerson, Inc. v. Fed. Deposit Ins. Corp.*, 244 So. 2d 748 (Fla. 1st DCA 1971)(Florida court found that the limiting language of the contract superseded the set off provisions).

V. **Postpetition interest, fees and costs**

19. Debtor objects to the Original Claim on the basis that it believes that the Original Claim is unsecured and as a result any entitlement to unmatured interest as of the Petition Date and post-petition interest, fees and costs (including attorneys' fees) should be disallowed. Indeed, the Debtor has filed its Motion to (I) Value Real Property, (II) Determine Secured Status of Lien on Real Property, and (III) Modify the Rights of Fortuna, LLC by Stripping off Lien on Real Property [ECF No. 90] on May 3, 2022 (the "Valuation Motion"). While not expressly stated in the Valuation Motion, the Debtor's estimated value appears to be based upon First Citizen's valuation of the land as of July 14, 2021, less the Debtor's estimated costs of demolition. *See Debtor's Response in Opposition to the Motion (i) to Designate Debtor as a Single Asset Real Estate Entity and (ii) for Relief from the Automatic Stay, or, in the Alternative (iii) to Convert to Chapter 7* [ECF No. 36].

20. Fortuna is in the process of procuring an appraisal of the Property. It expects that the value of the Property that will be determined by this Court in connection with the Debtor's Motion to Value will exceed the combined value of its debt on account the Promissory Note and that of First Citizens. In that case, Fortuna expects to be able to properly assert additional claims for postpetition interest, expenses and costs as permitted by 11 U.S.C. §506(b) and will appropriately file an amended proof of claim with those amounts.

## VI. Unliquidated Damages for Abuse of Process & Malicious Prosecution

21. The Debtor objects to the portion of the Original Claim for abuse of process and malicious prosecution arising from their wrongful pursuit of the State Court Action. *See* Objection, pp. 12-16. With respect to Fortuna's claim for malicious prosecution, the Debtor argues that Fortuna fails to establish the requisite elements to prove a cause of action because the State Court Action is in its early stages. Indeed, one of the elements of a cause of action for malicious prosecution is that "the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff." *Fischer v. Debrincat*, 169 So. 3d 1204, 1205 (Fla. 4th DCA 2015). While the Motion to Dismiss is pending in the State Court Action, damages have yet to be determined. However, the fact that a claim has not yet matured or is contingent is not a reason to justify disallowance of a claim under 11 U.S.C. § 502(b)(1).

22. The Debtor also notes that a claim for malicious prosecution is not brought as a counterclaim in the original proceeding but rather in a separate action. *See Yoder v. Adriatico*, 459 So. 2d 449 (Fla. 5th DCA 1984); *Blue v. Weinstein*, 381 So.2d 308, 311 (Fla. 3d DCA 1980); *Cox v. Klein*, 546 So.2d 120, 121 (Fla. 1st DCA 1989). As a result, the Debtor argues that since the malicious prosecution claim cannot be pursued in the State Court Action that Fortuna Holding's claim should be disallowed. However, whether or not a claim may be pursued in the State Court

Action is irrelevant and not a valid basis for disallowing Fortuna's claim for malicious prosecution. Nonetheless, Fortuna seeks through its Amended Claim to make clear that only counterclaims against the Debtor will be asserted in the State Court Action. Moreover, given the current status of the Motion to Dismiss filed by Fortuna, it seems likely that a determination will be made in the near future that the State Court Action commenced by the Debtor was without merit and should be dismissed.

23. In its proposed Amended Claim, Fortuna has withdrawn its claims for pre-petition damages arising from the Debtor's abuse of process. Fortuna expects that any abuse of process claims (as well as the vast majority, if not all, of its malicious prosecution claim) will be appropriately asserted in a request for payment as an administrative expense claim under section 503(b) of the Bankruptcy Code.

24. Accordingly, for these reasons, Fortuna believes that this Court must overrule the Objection.

WHEREFORE, Fortuna requests that this Court overrule the Debtor's Objection to Claim No. 3 of Fortuna Holdings, LLC [ECF No. 93] and grant such other relief as may be appropriate.

DATED: June 13, 2022

> */s/ Linda Leali, Esq.*
> Florida Bar No. 186686
> *Attorney for Fortuna LLC*
> LINDA LEALI, P.A.
> 2525 Ponce De Leon Blvd., Suite 300
> Coral Gables, FL 33134
> Telephone:    (305) 341-0671
> lleali@lealilaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on June 13, 2022 the CM/ECF system, which sent notification and was electronically served upon all parties in interest participating in the CM/ECF system.

By: */s/ Linda Leali*
LINDA LEALI